```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

JOHN P. JANDREW,                    )
                                    )
            Plaintiff,              )
                                    )
       v.                           )       1:25CV120
                                    )
ROBERT E. SHARPE, et al.,           )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on February 27, 2025, was served on the parties in this action. (Docs. 4, 5.) Plaintiff did not file an objection to the Order and Recommendation, but Plaintiff did file a motion entitled "Motion for Leave to File Amended Complaint" ("motion to amend") (Doc. 6) within the time limit prescribed by § 636.

Plaintiff's motion to amend is 70 pages long, contains hundreds of paragraphs, and appears to allege approximately 130 causes of action against a total of 16 proposed defendants — far from a "short and plain statement" showing that Plaintiff is entitled to relief, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. "Thus, the Court will not attempt to recite all of Plaintiff's factual allegations here and, instead, incorporates them by reference." McKinney v. Cleveland Cnty. Bd. of Educ., No. 3:20-CV-221-MOC-DSC, 2020 WL 6803846, at *1 (W.D.N.C. Nov. 19, 2020)

(unpublished), aff'd, No. 22-1697, 2023 WL 4637115 (4th Cir. Jul. 20, 2023). Plaintiff's factual allegations are, generally, as follows.

In the motion to amend, Plaintiff seeks to add at least ten new Defendants. (Doc. 6-1 at 2-9.) The claims Plaintiff seeks to bring against the Defendants range widely and include alleged violations of the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, various state law claims, and other claims such as "Catering to Prosecution/State[,]" "Inadequate Instruction on Ethical Conduct[,]" "Failure to Communicate[,]" "Lack of Leadership in Judicial Reforms[,]" and "Failure to Improve the Criminal Justice System[,]" among many others. (Id. at 19-63.) Plaintiff also claims a variety of non-physical injuries[1] and seeks declaratory and injunctive relief.[2] (Id. at 64-67.)

Although Plaintiff's claims against Defendants in the original complaint were unclear, they appeared to pertain to Plaintiff's dissatisfaction with his experiences with Robert E.

---

[1] Plaintiff also briefly references "the deterioration of the Plaintiff's dental health." (Doc. 6-1 at 65; see id. at 27-28).

[2] Plaintiff also appears to include an attempt to petition for a writ of habeas corpus. (Doc. 6-2; see also Doc. 8 at 1.) The court disregards this filing because such a petition should be filed, if at all, separately from a Section 1983 action. See generally, Preiser v. Rodriguez, 411 U.S. 475 (1973); see id. at 500 (concluding that a writ of habeas corpus is the "sole federal remedy" where the "state prisoner is challenging the very fact or duration of his physical imprisonment").

2

Sharpe, Jr., the Capital Defender in North Carolina, and with personnel in North Carolina's Office of Indigent Defense Services: Mary S. Pollard, Whitney B. Fairbanks, and Becky Whitaker, based on their work in connection with his then-ongoing state criminal case.³ (See Doc. 4 at 1.) In the complaint, Plaintiff alleged that they did not allocate sufficient resources to aid his defense, particularly the timely provision of a computer and funds to hire an investigator or other experts. (See id.)

However, in the amended complaint, Plaintiff's claims appear to pertain to separate transactions and occurrences, including:

- Alleged misconduct by Rowan County Sheriff's Office Lieutenant Ryan C. Barkley ("Barkley") in connection with Plaintiff's 2023 probable cause hearing
- Various allegations of misconduct by the Municipality of Rowan County
- Alleged supervisory liability and failure to train by Rowan County "Sheriff J.T. Allen/Sheriff's Bond" that "contributed to the violations committed by [Barkley,]" along with various other alleged violations for which Sheriff Allen is supposedly liable, including lack of adequate dental health care, lack of access to smokeless tobacco, no exercise equipment, lack of conjugal visits, and excessive canteen prices
- Alleged misconduct by ADA Jennifer Greene in her investigation of Plaintiff's state criminal case resulting in several constitutional violations
- Alleged misconduct by ADA Brian Taylor in delaying Plaintiff's indictment
- Alleged misconduct by ADA Barrett Poppler in his prosecution of Plaintiff's state criminal case
- Alleged misconduct by DA Brandy Cook for failure to properly train ADAs Poppler, Greene, and Taylor

---

³ See also Doc. 9 at 2 (listing the case number as "22CRS284036-790").

- Alleged misconduct by "the Superior and District Courts"
- Alleged misconduct by the North Carolina General Assembly for "failing to address the issue of overcrowded dockets and not implementing effective policies for the allocation of judges and DAs"
- Alleged misconduct by Ryan S. Boyce for "not addressing the systemic issues within the court system"
- Alleged misconduct by North Carolina Judicial Standards Commission Chair Jeffrey K. Carpenter for "failure to maintain judicial integrity"
- Alleged misconduct by North Carolina Attorney General Jeff Jackson for "failure to improve the criminal justice system"
- Alleged misconduct by North Carolina Governor Josh Stein for "Failure to Ensure Proper Functioning of the Judicial System"

(Doc. 6-1 at 19-44, 50-63.)  Many of these claims are conclusory, do not include specific dates or locations or are otherwise unsupported by specific facts, and contain several allegations that do not appear to state cognizable claims for violations of any legal right.

Also in the amended complaint, Plaintiff alleges claims for denial of access to the courts against Sharpe, Pollard, Fairbanks, and Whitaker.  (See Doc. 6-1 at 45-47.)  These claims essentially duplicate those brought in the original complaint (compare id. with Doc. 2) and do not address the deficiencies previously noted by the Magistrate Judge.

Further, Plaintiff may not join multiple defendants in a single action unless he shows that "(A) any right to relief is asserted against them jointly, severally, or in the alternative

4

with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2); see also Wendt v. Bullard, No. 5:23-CT-3047-FL, 2024 WL 3955458, at *7 (E.D.N.C. Aug. 27, 2024) ("And where plaintiff is incarcerated, '[u]nrelated claims against different defendants belong in different suits [under Rule 20 and] to ensure that prisoners pay the required filing fees [pursuant to 28 U.S.C. § 1915(b)].' ") (alterations in original) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it," or within 21 days of service of a responsive pleading or motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Here, Plaintiff filed his original complaint on February 10, 2025, and filed the motion to amend (Doc. 6) along with an amended complaint (Doc. 6-1) on February 28, 2025. Because he did so within the allowed 21 days, the court will accept the amendment as a matter of course pursuant to Rule 15(a). The motion to amend itself is unnecessary and is therefore denied as moot.

Consideration of the amended pleading, however, does not alter the conclusion that dismissal of this action is appropriate. As stated above, in the amended complaint Plaintiff does two

5

things: (1) attempts to name many new defendants and bring claims arising out of transactions and occurrences unrelated to those presented in the original complaint and (2) essentially reasserts the allegations from the original complaint as to the originally named Defendants.

For the reasons detailed below, the court finds the amended complaint should be dismissed because (1) it attempts to join unrelated Defendants and claims in violation of Federal Rule of Civil Procedure 20(a); (2) it still fails to address the deficiencies outlined in the Magistrate Judge's Order and Recommendation (Doc. 4); and (3) many of the included claims are based on patently meritless legal theories. See 28 U.S.C. § 1915(e)(2)(B)(i), (ii); Bullard v. Young, No. 5:12-CT-3093-FL, 2012 WL 8466136, at *1 (E.D.N.C. Aug. 22, 2012) (unpublished) ("A complaint may be found frivolous because of either legal or factual deficiencies."), aff'd, 510 F. App'x 305 (4th Cir. 2013).

First, Plaintiff attempts to add new claims against new Defendants that are unrelated to those asserted in his complaint. (Doc. 6.) None of the individuals Plaintiff seeks to add as Defendants is alleged to have committed the violations described in the original complaint. The only commonality between the allegations raised in the original complaint and those raised against the new Defendants in the amended complaint is that they pertain generally to Plaintiff's then-pending state-law murder

6

charges.  However, these allegations involve completely different sets of facts spread across various dates (or with no date at all alleged) separate from those alleged in the original complaint. (See generally Docs. 2, 6.)  Thus, without more, the amended complaint fails to satisfy the requirements of Rule 20.  See, e.g., Clark v. Georgia, No. 1:21-CV-03396-SDG-JSA, 2021 WL 8084671, at *1 (N.D. Ga. Nov. 8, 2021) (unpublished) (" . . . multiple claims against different defendants involving different sets of facts must be brought in separate complaints"), report and recommendation adopted, No. 1:21-CV-03396-SDG, 2022 WL 898362 (N.D. Ga. Mar. 28, 2022).

That is precisely the case here and is reason alone to dismiss this case.  See, e.g., Skillern v. Ga. Dep't of Corr. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010) (finding district court did not abuse its discretion in dismissing plaintiff's complaint because '[t]he actions of the defendants named by [the plaintiff] appear to be separate incidents, . . . occurring on different dates . . . .'").

Furthermore, the amended complaint did not cure the deficiencies identified in the Magistrate Judge's Order and Recommendation.  (Doc. 4.)  The deficiencies include a general lack of clarity connected to the claims he sought to raise against Defendants, suing improper Section 1983 Defendants, bringing improper Section 1983 claims based on the doctrine of respondeat

7

superior, failing to set forth facts demonstrating individual involvement by Defendants, making unsupported claims, requesting improper relief (including seeking improper damages), failing to allege physical injuries (with the exception of the brief general reference to deteriorating dental health), making unclear requests for injunctive relief, failing to set forth facts supporting his request for injunctive relief, seeking remedies to which he has no federal constitutional rights, and relying on North Carolina statutes to support his claims and requests for relief rather than federal law. (See id.) Many of the claims, patently lacking a meritorious legal theory, are frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). See Bullard, 2012 WL 8466136, at *1 ("Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'") (citation omitted). Thus, the amended complaint remains subject to dismissal. Boyd v. City of Spartanburg, No. 7:24-CV-711-BHH, 2024 WL 2763919, at *2 (D.S.C. May 29, 2024) (unpublished) ("[T]he Court finds that Plaintiff's proposed amended complaint fails to cure any of the deficiencies outlined by the Magistrate Judge as it merely reiterates her frivolous allegations and is subject to dismissal for the same reasons outlined by the Magistrate Judge in his Report.").

The court has also considered Plaintiff's motion to amend

8

(Doc. 6) to the extent that it could be construed to contain objections to the Magistrate Judge's Order and Recommendation (Doc. 4), and has made a de novo determination, which is in accord with the Order and Recommendation. See Elabanjo v. F & W Mgmt., No. 1:10CV518, 2012 WL 5493996, at *1 (M.D.N.C. Nov. 13, 2012) (unpublished). Accordingly, the Order and Recommendation (Doc. 4) is adopted in full.

In light of the present disposition, the eight additional motions filed by Plaintiff — an untitled motion requesting "that the court initiate this package as a new complaint" and requesting assistance with service of the amended complaint on Defendants (Doc. 8), "Ex Parte Motion for Court Order Ensuring Access to Legal Research and Computer for Effective Self-Representation"[4] (Doc. 9), "Ex Parte Motion to Compel Provision of Legal Materials to Indigent Plaintiff" (Doc. 10), "Ex Parte Motion for PACER Fee Exemption" (Doc. 11), "Motion for a Court Order for the Jait[sic] to Provide Legal Materials/Motion for the Appointment of Counsel" (Doc. 12),[5] "Motion for Leave to Submit Supplemental Pleading/Supplemental Pleading" (Doc. 13), "Motion for Leave to

---

[4] Some capitalization used by Plaintiff has been changed to improve readability.

[5] Plaintiff has filed this document in this action and in two other actions pending before this court. See Doc. 10 in Jandrew v. Allen, No. 1:25-cv-00168-TDS-JLW (M.D.N.C. Feb. 28, 2025), and Doc. 58 in Jandrew v. Corigan, No. 1:23-cv-00800-WO-JLW (M.D.N.C. Sep. 15, 2023).

9

Supplement Badge Number and Address for Defendant Ratledge's Supplemental Complaint Submitted 6-23-2025" (Doc. 14), and "Motion for Leave to Submit Supplemental Pleading in re Defendant Ryan C. Barkley" (Doc. 15)[6] — will be denied as moot.

For all these reasons, therefore,

IT IS ORDERED that Plaintiff's motion to amend (Doc. 6) is DENIED as moot for the reasons stated herein.

IT IS FURTHER ORDERED that the Magistrate Judge's Order and Recommendation (Doc. 4) is ADOPTED.

IT IS FURTHER ORDERED that the additional motions filed by Plaintiff (Docs. 8, 9, 10, 11, 12, 13, 14, 15) are DENIED as moot.

IT IS FURTHER ORDERED that this action be DISMISSED sua sponte without prejudice to Plaintiff filing a new complaint, on the proper Section 1983 forms, which corrects the defects cited in the Magistrate Judge's Order and Recommendation (Doc. 4), and that

---

[6] To the extent the filings at docket entries 13, 14, and 15 can be construed as motions to amend the amended complaint, they fail for the same reasons Plaintiff's amended complaint fails. Namely, Plaintiff seeks to add claims against yet another new defendant, Detective Adam M. Ratledge, for occurrences unrelated to those alleged in the original complaint, including a variety of alleged misconduct by Ratledge during the course of the investigation and prosecution of Plaintiff's state murder charges. (See Docs. 13, 14.) He also seeks to add claims against Barkley, again for occurrences unrelated to those alleged in the original complaint, including alleged misconduct by Barkley that resulted in deprivations of Plaintiff's constitutional rights and violations of a variety of other laws. (See Doc. 15.) Plaintiff also states that "the case has been dismissed, by the state, in the Plaintiff's favor. This happened on or around 6-3-2025." (Doc. 13 at 2, see also Doc. 15 at 2.)

Plaintiff's Motion seeking injunctive relief (Doc. 3) also be DENIED without prejudice.

A Judgment dismissing this action will be entered contemporaneously with this Order.

                                        /s/   Thomas D. Schroeder
                                      United States District Judge

September 24, 2025